UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :

UNITED STATES OF AMERICA

                                                   :

      - v. -                                  **MEMORANDUM AND ORDER**
                                                  :                   15-CR-142 (RRM)

ABDULKARIM ALTAREB,

                                                 :

      Defendant.

                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROSLYNN R. MAUSKOPF, United States District Judge.

      A jury trial is scheduled to commence in this matter on July 25, 2016. On July 18, 2016, the government filed a letter seeking *in camera* review pursuant to the procedure set forth by the Second Circuit in *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir. 1983) of a Presentence Investigation Report ("PSR") in the government's possession for a cooperating witness, identified as "AK." (Doc. No. 47.) The same day, the government disclosed the PSR to the Court under separate cover and *ex parte*. (Doc. No. 48.) To assist the Court in its review, the government filed a supplemental letter on July 20, 2016 as requested, identifying *Giglio* disclosures made to the defendant pertaining to the witness. (Doc. No. 49.)

      The Second Circuit has explained that PSR's do no constitute material required to be produced by the government pursuant to 18 U.S.C. § 3500. *United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991) (citing *United States v. Canniff*, 521 F.2d 565 (2d Cir. 1975) *cert. denied*, 423 U.S. 1059 (1976)). Among other reasons, the Circuit cited confidentially concerns to bar disclosure, given the nature of the information contained in a PSR and the need for candid disclosure of information from defendants. *See United States v. Moore*, 949 F.2d at 71.

      However, the Circuit has recognized that if a PSR contains exculpatory or impeachment material, disclosure may be required where there is "a compelling need for disclosure to meet the

ends of justice." *Id*. at 72 (quoting *Charmer*, 711 F.2d at 1174). The Circuit has endorsed the practice of *in camera* review to determine if disclosure is warranted under this standard. *Id*.

Based on these principles and the court's *in camera* review of the PSR, the 3500 material that has been disclosed, and the government's letters of July 18 and 20, the court finds that the PSR does not contain any impeachment or exculpatory material that the government has not already disclosed to the defendant. As such, the court does not find "a compelling need for disclosure" of the PSR at issue.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
July 20, 2016